UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv56-GCM

| | |
|---|---|
| STACEY MICHELLE EDWARDS, )<br>for C.H.H., *a minor*, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security,** )<br> )<br>    **Defendant.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application"), pursuant to 28 U.S.C. § 1915(a).[1] (Doc. No. 2.) In the above-captioned action, Plaintiff is seeking review of Defendant's final determination that C.H.H., a minor child, is not entitled to Supplemental Security Income benefits. (Complaint 1, Doc. No. 1.)

A federal court may allow a litigant to prosecute a civil action without paying the usual required fee if the individual submits an affidavit containing a statement of his or her assets and demonstrating that he or she cannot afford to pay the required fee. See 28 U.S.C. § 1915(a)(1). In this instance, a parent, or other adult acting *in loco parentis*, has filed an action in order to obtain benefits for a minor child.[2] Although Plaintiff has signed an affidavit stating that she is unable to pay the costs in these proceedings (IFP Appl. 1, Doc. No. 2), the financial disclosure

---

[1] Plaintiff's application applies only to the filing and service fees, as Plaintiff is represented by counsel.

[2] Neither the Complaint nor the IFP Application clearly indicates what Plaintiff's relationship is to C.H.H.

1

portion of the IFP Application lists only the assets and income of the minor child (IFP Appl. 1-5.)

A parent has the legal responsibility for the care of his or her child. Therefore, when determining the ability of a minor to pay the filing fees, the Court may look to the financial resources of the parent, or, if appropriate, a next friend, or guardian *ad litem*, as well as the minor. See e.g., White ex rel. Diggs v. Barnhart, Nos. 102CV556, 102CV557, 2002 WL 1760980, at *2 (M.D.N.C. July 30, 2002) (unpublished) (citing Williams v. Spencer, 455 F. Supp. 205, 208 (D. Md. 1978); Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002); Zhu v. Countrywide Realty Co., 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) (collecting cases)).

Plaintiff, through her attorney, shall be directed to file an IFP Application that lists her own income, assets, and expenses, as well as any financial support she, or C.H.H., receives from C.H.H.'s parent(s). Failure to comply with this Order, shall result in the denial of in forma pauperis status.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have 21 days from entrance of this Order to file an Application to Proceed in District Court without Prepaying Fees or Costs that contains Plaintiff's own financial information and includes any financial support she, or C.H.H., receives from C.H.H.'s parent(s). Alternatively, Plaintiff may pay the $400.00 filing fee.

Signed: March 1, 2017

Graham C. Mullen
United States District Judge